Good morning, Your Honor. May it please the Court, my name is Hardeep Rekhi. I'm here on behalf of the plaintiff. Along with Mr. Enders, who is here, we represent Kimberly Gallahan. She was the plaintiff below, so I'll refer to her as such here. I'd like to reserve three minutes for my rebuttal. Okay. And I'll keep an eye on the clock. Okay. Thank you. Defendant's motion was brought under CR 56, which requires that the District Court take all reasonable inferences in favor of the plaintiff. Further, because defendant was moving for an affirmative defense, the burden was on the defendant to prove all elements of its defense. The District Court below ignored both those rules when it took evidence in light most favorable to the moving party. Here the District Court violated both those rules when it determined no reasonable person could conclude anything other than the statute of limitations had run. The Court made five critical errors. The District Court did not make all inferences in the light most favorable to the plaintiff, which is required to do. The District Court relied on evidence, or I should say, the District Court relied on inferences that were inadmissible by the Washington mediation statute. The District Court created not one, but two different ways to trigger the—two new ways to trigger the statute of limitations in the UIM coverage. The first way was if a mediation ended without success. And the second way was just simply an offer to pay somehow would trigger the statute of limitations. And I would say constructive knowledge that the defendant, the District Court found that construct had the plaintiff, the plaintiff should have known that the defendant was not going to pay and that that's sufficient. Does the policy at issue define the trigger date, the date at which the one year starts to run? The policy says at the time that the action accrues, one year from the time that the action accrues. And that is also the fifth point that I was going to make. It does not define the word accrue. So in this circumstance, what's your position on behalf of your client as to the trigger date, the date the one year started to run? Yes. So that issue is handled by Safeco versus Paracom, which says that in a UIM case, there are two ways to trigger statute of limitations against the UIM. That is, there has to be a breach of the contract. And a breach of the contract occurs when either one, there was a denial of coverage or there is a payment of less. And neither one of those, there's no evidence in the record anywhere that there was a denial of coverage, nor is there any evidence in the record that there is a offer to pay or a payment of less. Is there any, there's nothing in the record of any written offer by the insurance company, correct? There is no written offer by the insurance company, correct. The only thing that is in the letter is that the insurance company said that they would review information and requested additional information to analyze the claim. As I read the district court's decision, the court ruled against your client with respect to the statute of limitations on two grounds. One was statement as to what had happened in mediation. I'm going to put that to one side. The other is, well, the mediation failed. And we may properly infer from that that she wanted more money than the insurance company was willing to pay. And that was itself indication of breach. How do you respond to that second argument? Yes. So this is the way I respond to that second argument. I vehemently disagree with that position. And the reason is because there is a... That does not surprise me. Okay. Good.  But help me out. Yes. So the reason is because there's a number of reasons. First of all, that inference... A mediation can end for a number of reasons. It is not simply that a mediation occurs, that there means that there's an offer, and that there's a response to that offer, and at the end of the day, there's a denial to that offer. A mediation can end because the parties need additional information. In fact, in this record, there was an email from the defendant requesting additional information after the mediation ended. A month after the mediation. A month after the mediation, there is a request for additional information. So using that, if you're going to draw... Take the light most favorable to the plaintiff, you may conclude that the mediation and negotiations are still ongoing and that there is not a final decision. That's one thing. Let me ask it a different way as well, and this, I guess, feeds back into that statement. Let's assume that the mediation fails because your client is asking for more money than the insurance company is willing to pay. Is that a breach? Okay. So if you assume that, you cannot... The issue is that that circumvents the Washington mediation statute. To make an inference of something that occurred during the mediation statute to which the plaintiff... No, no. I'm not asking you to waive your objection to letting that statement in, but now I'm asking you a different question that assumes that we know that the mediation failed because  that... Does that trigger the statute and make it start to run? No. I mean, I'm a little bit confused. I'm sorry. I'm not trying to be... No, no, no. ... shift your question. I just don't... The problem is with the assumption that that's the issue that I have. Well, I... So let me say it this way because I'm trying to set up a question for the other side. It seems to me that that itself doesn't constitute a breach either. I mean, your client might have been making an absolutely outrageous demand for $10 million and the insurance company said, no, we'll give you $100,000. That is to say, the mere fact that she's asking for more money than the insurance company is willing to pay does not tell me that there was a breach. So that's the answer I was hoping to get out of you, but I want... That question's really aimed for your adversary. Thank you. I'm sorry for it. So I would also say that, in addition, one of the issues that we have in this case is that we believe that the district court made a workaround with the mediation statute. That is, drew inferences and we are put in a position where now we can't dispute those because we can't break the mediation statute into RCW. Counsel, in opposing counsel's declaration in paragraph four where it says Ms. Gallahan demanded more in UIM benefits than Philadelphia was willing to pay, is that even an admissible statement? Even putting aside the mediation privilege, is that admissible evidence? So we would say, when taken in context, it is not because we understand that that statement to be related to the mediation. Ms. Frist, sorry, the defendant has taken the position that that statement was not related to the mediation at all. It was pre-mediation. We still think, under the mediation statute, that that would still be prohibited because it's in furtherance of trying to do a mediation. So we believe it's completely inadmissible. So if at the end of the mediation, this is a hypothetical question, if at the end of the mediation, Philadelphia had written your client a letter saying, here is our response to your demand for coverage. We offer you nothing, signed Philadelphia Insurance. Would that start the one-year statute? I believe it would, yes. Okay. I think they made a denial, if they made a written denial after the mediation. You can use the word denial. They offered you. All they say is, in the letter, all they say is, we have your demand. We won't pay you a dime. In that situation, I believe that that would be a... You think that would constitute a denial? I would say that it constitutes a denial, and therefore, it would trigger the statute of limitations. Well, you also agree that in addition to a denial, if the insurance company states what is identifiable as a final position, that that also is enough to trigger the statute, right? It would depend if that final position was one that was in conflict with what the plaintiff wanted to do. Right. I mean, it's something that was unacceptable. So if they had offered $1 as a final position, I would say that, yes, that's a breach. Okay. Let's hear from the other side, and you've saved a little time. Thank you. Good morning, Your Honors. My name is Meeden Furst, and I represent Philadelphia Insurance Company. It's our position that the district court correctly ruled that the contractual limitation provision in Philadelphia's underinsured motorist endorsement was valid, enforceable, and did not violate public policy. We also are asking this court to affirm the district court's decision that Ms. Gallaghan failed to file her lawsuit within one year of when it accrued. The first issue is, does Washington allow for an insurance company to contractually limit the statute of limitations? And the answer is yes. RCW 48.18.020 sub 1c specifically says that an insurance company may limit the insurance – the statute of limitation provision by contract as long as the period is at least one year from the time the cause of action accrues. But that's not what we're here about. And if you're Philadelphia, your client had at the termination of the mediation sent a simple one-paragraph denial to the insured, we wouldn't be here. Certainly, Your Honors. But that's not the issue. The only – the issue is not – is the only – Well, the issue is, what's the trigger date? Sure. What's the onset of the one year? Your position is, at the end of the mediation, the clock started. Absolutely. Even though your client never issued, and hasn't to this day, issued a denial letter. Certainly. Correct? Am I correct? You are correct. We have not issued a denial letter because this is not a lawsuit that involves coverage or no coverage. Philadelphia doesn't dispute that Ms. Gallaghan isn't insured and entitled to coverage. The issue is, there was an impasse. There was a lack of a meeting of the minds between Philadelphia and Ms. Gallaghan. And once – At one point in time, and – I mean, it's not clear to me how your declaration is admissible evidence, but why would an impasse at one point in time, when there's no evidence in the record that it's a final impasse, why would that put anyone on notice that they now have one year to sue? So this is a very factually specific case. The underlying accident in this case occurred on February 5th of 2012. Ms. Gallaghan immediately put Philadelphia on notice that she intended to pursue UIM benefits. In September of 2014, she sent a letter demanding the policy limits, asking that Philadelphia pay her the $1 million policy limits. Philadelphia responded within eight days and said, we're going to evaluate your claim. We would like to collect all of your pre- and post-medical records. We'd like to collect the records from the Department of Labor and Industries, because this was a work-related injury. We'd like to collect – we'd like to have Ms. Gallaghan undergo an examination under oath, and we would like to have her undergo an IME. Ten months or 11 months later – I'm sorry, 13 months later, the parties engaged in a mediation, and that was on November 10th of 2015. Although your declaration doesn't say that. It doesn't say there was a mediation. Well, the mediation is agreed to. That's on ER 132 and also on ER 81, lines 23 to 24, and ER 85. In other words, Ms. Gallaghan admits that she participated in this mediation and that it was not successful. So even if you set that single line in my declaration, and even if that is not considered, one month after the failed mediation, Ms. Gallaghan's legal representative sent a letter or an email to Philadelphia's counsel saying, Ms. Gallaghan is about to file with the court. Will you accept service on behalf of Philadelphia? And at the same time, you sent to Ms. Gallaghan an indication that you needed more information. Well, and that's it in the record. There's no other communication. Ms. Gallaghan would have this court presume – Wait a minute. I want to pick up on Judge Bennett's point. If you're sending a letter asking for more information, it sounds as though you haven't made up your mind. It sounds as though you haven't yet denied it. I mean, why do you want more information if you're still thinking about it? Well, even if Ms. Gallaghan had filed suit, we would still be in need of additional records. But the response is to our request that we want additional records. And the response is, Ms. Gallaghan is about to file with the court. Will you accept service? This is on summary judgment. And in summary judgment, we construe the facts in the light most favorable to the non-moving party. Absolutely. The insurer. Yes. But the email from Philadelphia asking for more medical information strongly suggests, at least for summary judgment review purposes, that your client was still evaluating the insured's claim. Tell me why that's wrong. Once the insured believes that their cause of action has accrued and believes that Philadelphia has committed a breach, the insured has one year from that date. The email response that Ms. Gallaghan's counsel sent to Philadelphia one month after the failed mediation clearly demonstrate that Ms. Gallaghan believed that there was a breach and she had the right to petition the court for relief. If she didn't believe that there was a breach, she would have no basis for seeking judicial intervention. But clearly that email... Sounds like this is the traditional, I've only been doing this for 25 years, a battle of the facts. They say that your continued effort to find medical information, request medical information from the insured meant that the claim was still being evaluated and had yet to be denied and the statute had not started. What you've just described suggests that there's another way to look at it. Isn't this what juries resolve all the time? I think, no I don't and here's why. Because when the case is simply a disagreement as to the value of a UIM claim. So this is not a case where it's a coverage dispute, where there's clearly going to be a denial. Either the insurance company accepts the case or they deny that you have coverage. This is simply a disagreement about the value of a case. And there's going to be a triggering event and it's not going to be identical to a coverage case where there's a clear letter that goes out. Counsel, is there any burden at all to impose on the insurance company a rule that says if you want this period to start running, you either have to write a denial or you have to say this is our final offer. I mean, that's my experience of what insurance companies do. We deny coverage or we'll pay you $10,000 and nothing else. What burden is there on the insurance company to make the insurance company do something that is reasonably clear to the insured? Well, there is not a burden to do that when the insured is represented by counsel. When the insured is represented by counsel, and that's in one of the cases that's cited by plaintiff, that's in Brigham vs., sorry, Brigham Morrison vs. National General Assurance Company, you don't have a burden to tell a represented individual what the law is. And I would point out that there . . . Well, the question is, what is the law here? Do you need, before you can start that period to run, does your client need to do something clear like send a letter that says here's our final offer? That's not very hard to do as Judge Bennett suggests. And I understand. And Judge Martinez had also indicated that that might be nice to have happened, but he also correctly ruled that in this particular case, we didn't have the burden to send counsel, Ms. Gellaghan's counsel, a letter saying, oh, by the way, your cause of action is accrued. Because from our perspective, they understood that. They were the ones writing back saying . . . No, no, they didn't write back saying, we think you've breached. They said, would you accept service? Well, okay. That's an interesting thing to know. Well, that means they're thinking about filing a complaint. They've not yet done it. Right. But they also say Ms. Gellaghan is about to file with the courts. That's the quote in their e-mail. Yeah, well, that might be part of the negotiating. Have you ever had a lawyer write to you and say, I'm about to file a suit against your client. Let's talk. I mean, lawyers do that. Certainly, Your Honor. But there is an absence in the record of anything beyond that. I mean, there could be . . . basically, Ms. Gellaghan is asking this court to assume they're making conclusory, nonspecific statements, and that's insufficient. Well, what you're asking us to do, and I think as a general rule, then, that if there's a failed mediation, the failure of the mediation means the statute of limitations has started to run. That can't be the law. Well, I would like to conclude by . . . But isn't that right? Isn't that the position you're asking us to adopt, that under Washington law, if there's a failed mediation in an insurance dispute, that triggers the statute and starts to run? I'm saying that if an insured clearly demonstrates, as they did in this case, that they understood that they had the right to seek judicial intervention by their email to Philadelphia's counsel saying, we're about to file with the courts, will you accept service? That clearly demonstrates that they knew they had the right to petition the court for relief. So your rule is, any time a lawyer sends a threatening letter saying, we're about to sue, that means that the statute of limitations starts to run? No. I'm saying that, obviously, it's going to be a case-specific inquiry, but if you look at the facts in this particular case, given the communications that happened, given the demand for policy limits that occurred, 13 months later, a failed mediation, and a month later, a letter, an email to Philadelphia's counsel saying, we're about to file with the suit, we're about to file with the courts, will you accept service, and nothing else in the record. It's our position that there was clearly . . . That's when the cause of action began to more than a year later. Thank you, Your Honor. Thank you. I'll be brief. So the issue here really is that there was no clarity that there was a denial or actual payment of less. Therefore, we do not believe the statute of limitations was ever triggered. We believe that there's a simple way to have done that, which is to either deny coverage or actually make a final offer or to actually pay less. I believe that the two rules in Barricom are to make a denial or to pay less. That hasn't happened here. Further, Philadelphia drafted the contract and used the word accrue. It could define that as a failed mediation, and then we would be here on a different issue, perhaps. But it did not define that as accrue. It allowed the courts to define that. And finally, I think . . . Or not finally, second to last, I would say that the email that a defendant is referring to was actually initially sent by them. They were the ones that initiated requesting additional information. And finally, I would say that this is a factual issue. I think that that's clear, and I think that for that reason, that all the facts need to be taken in light from those favorable to the plaintiff, and in this case, the district court failed to do that. Okay. Thank you. Thank you both sides for the arguments. The case of Gallagher v. Philadelphia indemnity is now submitted. The next case this morning . . . Oh, it's a bunch of things going on. Scott . . . Is Horton next? Horton, yes. Horton v. Specialty Finishes and so on. Yeah, it confused me when I first looked at this.
judges: Hawkins, W. Fletcher, Bennett